In re Carmen F. TOSCANO f/d/b/a Great Eastern Construction, Debtor.

Joseph M. and Theresa E. HARB, Plaintiffs,

v.

Carmen F. TOSCANO, Defendant.

Bankruptcy No. 81–01448–JG.
Adv. No. A81–0846.

United States Bankruptcy Court,
D. Massachusetts.

Oct. 25, 1982.

David J. Hatem, Posternak, Blankstein & Lund, Boston, Mass., for plaintiffs.

Neal Satran, Boston, Mass., for defendant/debtor.

MEMORANDUM

JAMES N. GABRIEL, Bankruptcy Judge.

The plaintiff's complaint seeks a determination that a debt of $14,080.47 owed by the debtor to the plaintiff is non-dischargeable under 11 U.S.C. Section 523(a)(2)(A). Before the court are plaintiffs' Motion for Summary Judgment and defendant's Cross-Motion for Summary Judgment. The plaintiffs contend that they are entitled to judgment as a matter of law based on a Massachusetts state court judgment determining the debtor's liability to plaintiffs under Massachusetts General Laws Chapter 93A Section 2 and 9. The debtor argues that the judgment is dischargeable as a matter of law because a jury returned a verdict for the debtor on the court alleging misrepresentation.

The plaintiffs in this adversary proceeding brought a civil action in the Essex Superior Court Department of The Trial Court which arose out of the plaintiffs' purchase in 1975 of a home built by the debtor. The state court complaint alleged that the debtor was negligent in constructing the house (Count I) that the debtor breached express and implied warranties in the sale (Count II) and that the debtor made misrepresentations concerning the likelihood of a water problem in the basement of the house (Count III). On September 12, 1978 the plaintiffs sent a demand letter to the debtor pursuant to Chapter 93A. The plaintiffs subsequently amended the complaint to add a count alleging unfair and deceptive trade practices under Chapter 93A. Counts I, II, and III were tried before the judge. The jury found the defendant Toscano liable under Count II (Breach of Contract), and found in favor of the defendant Toscano on the negligence and misrepresentation Count. On December 22, 1980 the Superior Court judge issued Findings of Fact and Conclusions of Law as to plaintiffs' claims under Chapter 93A, and judgment entered for plaintiffs. In pertinent part the court found as follows:

"In June of 1975, while the house was under construction, the plaintiffs viewed that house for the first time. During the course of that initial viewing of the residence, the plaintiffs met Toscano. During the course of that initial viewing of the residence, the plaintiffs specifically inquired of Toscano as to whether the drainage system for the house was adequate and whether they would experience a water problem in the basement should they decide to purchase the residence.

"In response to the plaintiffs' inquiries, Toscano expressly stated that the drainage system for the house was adequate, the house was well-constructed, and that the Harbs would, therefore, never experience any water problems in the basement level.

.    .    .    .    .

"In August 1975, prior to the closing and while the house was in the process of being finished off, the plaintiffs again viewed the house and property at 84 Milk Street, Methuen. During this viewing, Mr. Harb noticed water in the rear of the basement of the house at the entrance of the family room. Mr. Harb showed this water to Toscano and again inquired of the latter as to whether there would be a water problem in the basement level of the house.

"In response to this inquiry, Toscano again stated that the drainage for the house was adequate, that the house was well-constructed, and that, therefore, the Harbs would not experience a water problem. Moreover, Toscano stated that should a water problem develop, he would correct any such problems at his own expense.

"At no time during the construction of the house at 84 Milk Street, or thereafter, did Toscano install or construct, or engage any other person or entity to install or construct, any system or device, the purpose of which was to prevent and/or control the infusion and/or collection of water in the basement of the house at 84 Milk Street.

.    .    .    .    .

"The representations regarding the adequacy of the drainage system and the construction of the house were made by Toscano with recklessness as to their truth and were matters susceptible of actual knowledge by Toscano. Toscano made these representations with the intention of inducing the plaintiffs to purchase the residence at 84 Milk Street. "The disclosure to the plaintiffs of the actual facts regarding the lack of adequate drainage for the residence would have influenced the plaintiffs not to purchase the residence at 84 Milk Street. "The court, having submitted this case to a jury on counts alleging deceit, breach of warranty, and negligence, and the jury, after considering the evidence regarding damage, awarded the sum of $5,000.00 as fair and reasonable.

"The Court adopts this figure and finds the damage in the 93A action to be the same, namely, $5,000.00.

"The Court further finds that the refusal to grant relief upon demand was made in bad faith with knowledge or reason to know that the act complained of violated section two.

"The Court accordingly awards double damages for a total award of damages of $10,000.00.

"The Court awards the sum of $2,000.00 for attorneys' fees and awards costs to the plaintiffs."

■■■ The plaintiffs contend that the Superior Court Judge's decision and judgment predicated on Chapter 93A liability is controlling as to non-dischargeability under Section 523(a)(2)(A) under the principle of collateral estoppel. Similarly, the defendant has moved for summary judgment on the ground that the jury's finding for the defendant on the misrepresentation portion of plaintiff's complaint requires a finding that the debt is dischargeable in bankruptcy. The principle of collateral estoppel precludes a party or its successor from relitigating factual and legal issues which were actually and necessarily adjudicated in a prior action. *Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d

210 (1979). A number of circuit courts and bankruptcy courts have recognized the applicability of collateral estoppel in non-dischargeability determinations. *E.g., Spilman v. Harley,* 656 F.2d 224, 227–28 (6th Cir. 1981); *Matter of Ross,* 602 F.2d 604, 607–08 (3rd Cir. 1979); *Matter of Youngstrand,* 16 B.R. 238, 240 (Bkrtcy.M.D.Fla. 1981). Neither the Supreme Court nor the First Circuit has determined that collateral estoppel may preclude relitigation of facts in a subsequent non-dischargeability. *In Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979) the Supreme Court, recognizing the exclusive jurisdiction of the bankruptcy court to determine nondischargeability, made clear that the principle of res judicata did not confine a bankruptcy court to the state court record. 442 U.S. at 138, 99 S.Ct. at 2212. There is sound authority for the application of collateral estoppel in Section 523(a)(2)(A) non-dischargeability actions where the state court judgment establish each of the essential elements of false pretenses which must be proven under the Bankruptcy Code's exception to discharge. *See, e.g., Matter of Herman,* 6 B.R. 352, 357–60 (D.C.S.D.N.Y.1980); *In Re Willis,* 2 B.R. 566, 567 (Bkrtcy.M.D. Ga.1980). Section 523(a)(2)(A) excepts from discharge any debt for obtaining money or property by false pretenses false representations or actual fraud. 11 U.S.C. Section 523(a)(2)(A). When seeking to prevent the discharge of a debt under the exceptions set forth in 11 U.S.C. 523(a)(2)(A), the plaintiff must prove that the misrepresentations complained of were knowingly and fraudulently made and that the alleged fraud was one involving moral turpitude or intentional wrong. *In re Montbleau,* 13 B.R. 47 (Bkrtcy.D.Mass.1981), that the misrepresentation was made with intent to deceive, and that the plaintiff relied on the misrepresentation to his damage. *Matter of Falk of Bethlehem,* 3 B.R. 266, 274 (Bkrtcy.D.N.J. 1980). Fraud and misrepresentation within the purview of Section 523(a)(2)(A) must be demonstrated by clear and convincing evidence. *See In Re Ashly,* 5 B.R. 262, 266 (Bkrtcy.E.D.Tenn.1980). The issue remains outstanding in this jurisdiction, as the First

Circuit in *Commonwealth v. Vincent Hale,* 618 F.2d 143 (1st Cir. 1980) did not address the applicability of collateral estoppel to a non-dischargeability case but noted that the issue "might be critical in another case." *Id.* at 146. In *Hale,* the Court of Appeals upheld the bankruptcy and district court's decisions that a default judgment based upon the debtor's violations of Chapter 93A did not provide the basis for the default judgment creditor's use collateral estoppel to determine non-dischargeability. The court reasoned that the state court record lacked any express findings on those issues relevant to non-dischargeability, and moreover, since a finding of liability under Chapter 93A requires less proof than that required to establish non-dischargeability for false representations, a judgment under Chapter 93A does not actually and necessarily establish non-dischargeability. *Id.* at 146. Section 523(a)(2)(A) requires proof that the made a false representation of a material fact with knowledge of its falsity for the purpose of inducing the plaintiff to act thereon, and that the plaintiff relied upon the representation as true and acted upon it to his damage, which parellels the state law cause of action for deceit. *Kilroy v. Barron,* 326 Mass. 464, 95 N.E.2d 190 (1950). In contrast, the definition of an actionable unfair or deceptive act or practice goes far beyond the scope of the common law action for fraud and deceit. *Slaney v. Westwood Auto, Inc.,* 366 Mass. 688, 322 N.E.2d 768 (1975). Because it would be possible under the same set of facts to find a violation of Chapter 93A for misconduct which lacks the elements of non-dischargeability, the principle of collateral estoppel does not operate to render a Chapter 93A judgment non-dischargeable. *Commonwealth v. Hale, supra,* at 146–48.

The plaintiffs have moved for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure. This rule provides, in part, as follows:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

■ Plaintiffs, as the moving parties, have the burden of showing the absence of any genuine issue as to all material facts which support their theory of law. *Mack v. Cape Elizabeth School Bd.,* 553 F.2d 720, 722 (1st Cir. 1977). All doubts concerning the existence or nonexistence of a genuine issue of fact are to be resolved in favor of the party against whom the motion is sought. *United States v. Diebold,* 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). All inferences that are drawn from underlying facts contained in affidavits, exhibits and depositions must be viewed in the light most favorable to the party opposing the motion for summary judgment. *Ferguson v. Omnimedia, Inc.,* 469 F.2d 194 (1st Cir. 1972). In the context of non-dischargeability actions, this court is reluctant to draw fact inferences relating to state of mind when ruling on motions for summary judgment. *In re Day,* 4 B.R. 750, 753 (D.C.S.D. Ohio 1980) (creditor's motion for summary judgment in non-dischargeability action denied even though bankrupt did not submit responsive memoranda or evidentiary material).

■ In the present case the judgment and findings of the Superior Court fail to establish all of the elements required by Section 523(a)(2)(A). The state court jury found for the defendant Toscano on the misrepresentation Count of plaintiff's complaint, which suggests that they refused to believe that Toscano falsely represented the condition of the house with intent to deceive and to induce the Harbs to purchase. The Superior Court Judge did not grant judgment for the plaintiff notwithstanding the verdict which must be considered approval of the verdict for Toscano. The jury only found for the plaintiff on the breach of contract count of plaintiffs' complaint, which was not based on fraud or deceit. The Judge's decision on the Chapter 93A count does in fact contain findings on several of the criteria of the false representa-

tions except under Section 523(a)(2)(A). The Judge found that Toscano represented the drainage system was adequate, that if a problem arose he would repair it, that Toscano made this representation with recklessness as to its truth, with intent to induce a purchase by the Harbs, who sustained $5,000.00 in damages. But when the judge's findings are viewed in connection with the jury verdict, the state court record is entirely ambiguous. In view of the inconsistency between the judge's findings and jury verdict, this court is not willing to accept the state court record as a matter of law to support a judgment of either non-dischargeability for fraud, or to support the conclusion that there was no fraud in the transaction between the plaintiffs and the defendant.

Moreover, despite the judge's lengthy findings on the Chapter 93A count, it is not clear whether the judge found sufficient proof of fraud or false representations to rise to the level of Section 523 fraud. It maybe that the judge believed Toscano's conduct was unfair and deceptive under Chapter 93A, but not fraudulent within the cause of action for misrepresentation or deceit because the Section 523 cause of action requires proof of fraud or false representations by clear and convincing evidence, whereas the 93A case requires proof of unfair and deceptive acts and only by a preponderance of the evidence, this court cannot avoid its responsibility of ensuring that the discharge of this debt is not improperly denied by an adherence to the state court findings. The difference in the level of proof between the Chapter 93A and the Section 523 cause of action requires that the court hear evidence on each element of the alleged exception to discharge.

In conclusion, on the basis of the state court record, this court does not find sufficient facts to support either a finding of non-dischargeability or dischargeability of the plaintiffs' judgment. Accordingly, both motions for summary judgment are denied.