**In the Matter of Howard I. HALPERN, Debtor.**

**FIRST GEORGIA BANK, Plaintiff,**

v.

**Howard I. HALPERN, Defendant.**

**Bankruptcy No. 84–02442A.
Adv. No. 84–0586A.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

June 20, 1985.

Mary Grace Diehl, Troutman, Sanders, Lockerman & Ashmore, Atlanta, Ga., for plaintiff.

Mark S. Marani, Zusmann, Small & Stamps, Atlanta, Ga., for defendant.

## MEMORANDUM OF OPINION AND ORDER

A.D. KAHN, Bankruptcy Judge.

This adversary proceeding is before the court on the motion of the Plaintiff, FIRST GEORGIA BANK (BANK), for summary judgment. The BANK, a judgment creditor of the Debtor and Defendant herein, HOWARD I. HALPERN (HALPERN), alleges that HALPERN engaged in a check-kiting scheme to defraud the BANK and seeks a determination that the judgment debt is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A), (a)(4), and (a)(6). Section 523(a) excepts from discharge any debt

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
(A) false pretenses, a false representation, or actual fraud, ... [or]

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny; [or]

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

The record shows that the BANK sued HALPERN in the State Court of Fulton County alleging that HALPERN was liable "for money had and received." Later the BANK amended its complaint to allege "fraud" and, still later, to allege that HALPERN'S conduct was "willful and wanton and in gross disregard for the BANK'S rights." The state court action culminated in a consent order in which the BANK obtained a judgment against HALPERN in the amount of $337,000. The consent order contains numerous findings of fact, the gist of which is that HALPERN devised and executed a scheme to defraud the BANK for the purpose of obtaining cash, bank obligations, and deposit credits. The language in the judgment appears to have been drafted to show that HALPERN'S conduct meets the standards for nondischargeability in section 523. HALPERN concedes as much in the order:

[HALPERN] recognizes that these Findings of Fact and Conclusions of Law will conclusively establish that the liability which he is adjudged in this Civil Action to owe to [the BANK] will be exempted from discharge in any bankruptcy case in which he is a debtor. This is because these Findings of Fact and Conclusions of Law show, among other things, that [HALPERN'S] liability to [the BANK] is (a) for obtaining money or property by false pretenses, false representations, and actual fraud, (b) for fraud and defalcation while action in a fiduciary capacity, and (c) for willful and malicious injury by [HALPERN] to [the BANK'S] property.

*First Georgia Bank v. Howard I. Halpern, et al.,* Civil Action File No. 453152 (State Ct. Fulton County, Ga., March 15, 1983) (Beasley, J.). The consent order further recites that HALPERN does not intend to seek a discharge in bankruptcy as to the judgment.

The judgment also includes a finding that identical facts and conduct are the subject of a federal criminal indictment to which HALPERN pleaded guilty.

The thrust of the BANK'S motion for summary judgment is that factual findings contained in the state court judgment are the same facts which gave rise to the complaint in this proceeding and which constitute grounds for nondischargeability. Accordingly, the BANK argues that the factual issues presented by its complaint have already been fully litigated and resolved in the prior action and that HALPERN is

collaterally estopped from relitigating these matters before the bankruptcy court. The BANK asserts that, in light of the state court's findings, there are no genuine issues of fact remaining and asks this court to declare the judgment debt nondischargeable as a matter of law.

HALPERN contends that the consent judgment is a fiction to which collateral estoppel cannot apply. He argues that the effect of collateral estoppel would preclude litigation of the merits, would allow an impermissible waiver of discharge by the debtor, and would divest this court of its exclusive authority to determine the dischargeability of debts in bankruptcy. Finally, HALPERN asserts that summary judgment is inappropriate as the court is required to look at the entire record, including matters extrinsic to the judgment, in determining the dischargeability of the debt.

The doctrine of collateral estoppel bars relitigation of factual issues which were actually litigated and necessary to the outcome in an earlier suit. The question presented here is what preclusive effect should be given to the state court consent judgment by this court in determining whether or not the judgment debt is dischargeable. For the reasons set forth below, the court concludes that under the circumstances of this case, collateral estoppel effect should be given to the factual findings of the state court and, in the absence of contrary evidence, the court finds that these facts require the legal conclusion that the judgment debt is not dischargeable.

■ This court is not bound by the state court judgment and is not barred by collateral estoppel from conducting its own inquiry into the character and, ultimately, the dischargeability of the subject debt. *See Carey Lumber Co. v. Bell*, 615 F.2d 370, 377 (5th Cir.1980). Policy considerations dictate that dischargeability questions cannot be predetermined either by a state court or by agreement of the parties prior to or in anticipation of the possible filing of a bankruptcy case. Whether or not a debt is dischargeable is a legal conclusion based on facts of each case and the bankruptcy court has the *exclusive* jurisdiction to make that conclusion. *Spilman v. Harley*, 656 F.2d 224, 227 (6th Cir.1981) (emphasis added). Therefore, those provisions of the consent order in which HALPERN promised to forgo a discharge and agreed that the debt was nondischargeable are completely without legal effect.

■ Nevertheless, this court may not redetermine all of the underlying facts in the state court case. To do so would do violence to judicial finality, a fundamental tenant of our judicial system. *Franks v. Thomason*, 4 B.R. 814, 820–21 (N.D.Ga.1980). This court may invoke collateral estoppel to preclude relitigation of the facts actually and necessarily litigated in the state court action, and that are discernible from the record, without surrendering its exclusive jurisdiction over the dischargeability question. These facts then can properly be considered as evidence of nondischargeability. *Id.* at 821.

This court must tailor its application of collateral estoppel to the circumstances of the case before it. *Id.* at 821. HALPERN contends that collateral estoppel does not apply to consent judgments. He argues that because the facts in question were never presented to a judge or jury for adjudication they were not "actually litigated"; that the allegations of fraud in the amended complaint and the facts and conclusions recited in the judgment were inserted merely to foreclose him from seeking relief under the bankruptcy laws; and that it is impossible to determine what legal standard was used by the state court and therefore it is impossible to determine if that standard comports with the federal dischargeability standard. In short, HALPERN would require that every case be "tried" in order for its findings to have preclusive value. This Court does not agree. There is no unfairness in applying collateral estoppel in this proceeding. The court is not concerned here with a default judgment or a bare verdict. To the contrary, here there are detailed and carefully

drawn findings of fact from which the court can discern whether or not they satisfy the elements of dischargeability under bankruptcy law.

HALPERN maintains that he entered the settlement only because of financial difficulties. However, there are no allegations of coercion or duress in the record to indicate that he signed other than voluntarily. He had the benefit of *able* counsel and *he,* as well as his *attorney,* signed the judgment. There is no reason to conclude that HALPERN'S interest in the direction and outcome of the state court litigation was less than his interest in this proceeding. HALPERN simply chose not to exercise his option to *actually* try the case. He therefore cannot now argue that the lack of a contested trial renders the detailed and precise facts to which he agreed insufficient for preclusive purposes. A chilling effect on consent judgments and settlements might result if the court were to ignore such a clear and unambiguous expression of the parties' intent.

More importantly, HALPERN *has not denied* any of the facts to which he agreed in the consent judgment. The court notes that, although HALPERN correctly insists that the court consider relevant evidence outside the consent judgment, he has proffered no additional evidence, by way of affidavit, or otherwise, for the court's consideration.

■ Turning to the substance of the state court's findings, the basis of the judgment, as agreed to by the parties, was that HALPERN'S acts and conduct were willful, malicious and intentional, and designed solely for the purpose of fraudulently deceiving the BANK. The findings detail the following factual issues: (1) that the fraud was committed by material misrepresentations that HALPERN made to the BANK, (2) with knowledge that they were false and with intent to deceive, (3) that the BANK reasonably relied thereon and (4) was damaged thereby. These findings contain all of the elements necessary for a determination of nondischargeability under 11 U.S.C. § 523(a)(2)(A). It is therefore not necessary to apply the facts to the two other statutory provisions under which the BANK sues.

It is also not necessary for the court to determine the preclusive effect of the criminal indictment and HALPERN'S guilty plea which are recited in the state court judgment, although there is authority for so doing. *See Raiford v. Abney,* 695 F.2d 521 (11th Cir.1983). It would be unfair to so hold in this case, however, as the court does not have the criminal record before it. The undisputed fact of the indictment and conviction, however, tends to support the accuracy of the other recitations in the civil consent order.

This court must still determine the ultimate question of dischargeability. The record shows a federally nondischargeable basis for the judgment debt. As noted previously, HALPERN has made no opposing showing. He cannot, on summary judgment, merely assert that fact questions exist without demonstrating such questions to the court. The court must therefore accept the recitations in the state court judgment as true. Therefore no issue of fact exists and this court finds that the recitations of the consent judgment require the legal conclusion that the judgment debt is nondischargeable.

## ORDER

In accordance with the reasoning above, it is the Order of the Court that the Plaintiff's Motion for Summary Judgment be, and the same hereby is, Granted, and the debt is determined to be NONDISCHARGEABLE.

IT IS SO ORDERED.