In re Everett R. BOSSELAIT, Debtor.

STANDEX INTERNATIONAL
GmbH, Plaintiff,

v.

Everett R. BOSSELAIT, Defendant.

Bankruptcy No. 81–01656–R.
Adv. No. 81–0270–R.

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

July 24, 1986.

George R. Pitts, Richmond, Va., for plaintiff.

Matthew N. Ott, Richmond, Va., for defendant.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY, Bankruptcy Judge.

This matter comes before the Court on the plaintiff's Second Motion for Summary Judgment seeking to have the debt owed to it by the debtor, Everett R. Bosselait ("Bosselait"), declared nondischargeable in bankruptcy pursuant to 11 U.S.C. § 523(a)(2) and (a)(4). Bosselait appeared, by counsel, in opposition to the motion by the plaintiff, Standex International GmbH, ("Standex"), at a hearing convened on February 4, 1986, and the issues raised at the hearing were taken under advisement. Having considered the briefs filed in the matter and the arguments of counsel, the Court makes the following findings and conclusions of law.

## STATEMENT OF THE CASE

Prior to addressing the arguments of the respective parties, a review of the events bringing the current issues before the Court is needed. From 1967 to 1976, Bosselait, a resident and citizen of the United States, acted as "Geschaftsfuhrer" of Standex. Standex is a corporate entity established and registered under the laws of West Germany, having its principal place of business in North Rhine-Westphalia. A "Geschaftsfuhrer" is roughly translated as being a business manager, but under West German corporate law the holder of such a position apparently has broader powers, in some instances equal to those a board of directors might commonly hold in the United States.

During Bosselait's tenure with the company, Standex asserts that Bosselait used his position as Geschaftsfuhrer to manipulate his salary and other benefits to receive compensation at a level beyond that which was authorized by Standex' United States parent company. Upon discovering that

Bosselait had ordered the accounting department to pay him more than he was authorized to receive, Standex instituted suit against Bosselait in West Germany. Standex was subsequently awarded a final judgment in the amount of DM 236,904.80 by the State Court of Appeal, Dusseldorf, Federal Republic of West Germany. In June 1980, Standex filed an action against Bosselait in the United States District Court for the Eastern District of Virginia in order to domesticate and enforce the West German judgment. Bosselait, by counsel, filed an answer in response, admitting that the West German action had been brought against him for an unlawful defalcation of corporate funds. On June 17, 1981, D. Dortch Warriner, United States District Judge for the Eastern District of Virginia, made a finding that no genuine issue as to a material fact existed and that Standex was entitled to summary judgment as a matter of law. Accordingly, judgment was entered in favor of Standex in the amount of $119,034.92. On September 29, 1981 Bosselait filed a petition for relief under Chapter 7 of Title 11 of the United States Code, and on December 10, 1981 Standex filed the instant complaint to determine the dischargeability of the debt owing to it by Bosselait.

Standex' complaint asserts that the debt arose through false pretenses, false representations, or actual fraud under 11 U.S.C. § 523(a)(2) and that the debt was the result of a defalcation while in a fiduciary duty, embezzlement, or larceny under 11 U.S.C. § 523(a)(4). Submitted with the complaint were copies of the German judgment and an English translation thereof. Standex, with its pleadings, also filed copies of the pleadings in the United States District Court domestication suit and a copy of the district court order granting Standex judgment against Bosselait. Bosselait filed his answer in response and he admitted most of the factual representations regarding the events leading up to the judgment being entered against him in the district court; however, he disputed the accuracy of the German judgment and the English translation.

On September 22, 1982, Standex filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 on the grounds that the German judgment in its favor conclusively established that Bosselait's debt is nondischargeable. Standex attached as exhibits to its motion an English translation of the West German judgment, the affidavit of Dr. Wilfred E. Witthuhn, Esq., an asserted authority on West German corporate law, and copies of the pleadings in the domestication suit. Bosselait again replied in opposition asserting that genuine and material issues of fact and law existed, specifically involving interpretation of the German judgment. Bosselait attached to his reply in opposition the affidavit of Peter Heidenberger, an attorney admitted to practice in West Germany, the District of Columbia, and the State of Maryland, which asserted that certain portions of the translation furnished by Standex were inaccurate. The translation provided by Standex was made by Dr. Alfred Gross, a Professor of German at Virginia Commonwealth University. At the hearing convened on May 2, 1983 on the motion for summary judgment, this Court denied the motion stating that it would not be inclined to consider entry of summary judgment without having examined a transcript of the German trial court proceedings.

On June 12, 1984, Standex filed its Second Motion for Summary Judgment. Standex submitted the affidavit of Gottfried Tiepel and Dieter Luedemann, counsel and present "Geschaftsfuhrer," respectively, for Standex, who both represent that unlike a trial court in the United States, no verbatim transcript is taken of the testimony of the witnesses in West Germany. Instead, the trial judge dictates a summary of the testimony as it is presented and upon the parties' review of the judge's summarization, the opportunity for objection is presented. Standex also submitted copies of the trial court summary, the trial court judgment, and the appellate court judgment.

After a series of delays, Bosselait filed his opposition to the motion for summary

judgment along with affidavits from himself and Ranier Heinz Klingler, his counsel in the suit by Standex in West Germany. Bosselait continues to contest the language in the translation of the German appellate judgment, and he also contests any allegations that while employed by Standex he was acting in either a fiduciary capacity or in a fraudulent manner. A hearing was convened on Standex' Second Motion for Summary Judgment on February 4, 1986, and it was at that time that this matter was taken under advisement.

## CONCLUSIONS OF LAW

The criteria to which federal courts must adhere in determining whether the granting of summary judgment is appropriate is contained in Federal Rule of Civil Procedure 56(c) as follows:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed.R.Civ.Pro. 56(c). If there is a genuine issue as to any material fact which would require a trial of the matter, the motion for summary judgment must be denied. *In re Kelley*, 46 B.R. 63, 69 (Bankr.E.D.Va.1985). Moreover, as the Fourth Circuit has mandated

> ... [summary judgment] should be granted only where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law ... [a]nd this is true even when there is no dispute as to the evidentiary facts in the case but only as to the conclusions to be drawn therefrom.

*Stephens v. Howard D. Johnson, Co.*, 181 F.2d 390, 394 (4th Cir.1950).

■ Consistent with the rule that summary judgment is inappropriate where varying conclusions can be drawn from the same set of facts is the denial of summary judgment when a fuller development of the facts may serve to clarify the law or help the Court determine its application to the case. *Wright, Miller and Kane, Federal Practice and Procedure*, Civil 2d § 2725 (1983); *see Bingham, Ltd. v. United States*, 724 F.2d 921 (11th Cir.1984); *Davidson v. Stanadyne, Inc.*, 718 F.2d 1334 (5th Cir.1983). A fuller development of the facts is often called for in a dischargeability suit, because as is the situation in the present proceeding, it is not uncommon for a creditor to secure a judgment against a debtor in a pre-bankruptcy proceeding, and then, armed with the prior judgment, come into the bankruptcy court and seek a finding of nondischargeability based upon the prior proceeding. *See Matter of Shuler*, 722 F.2d 1253 (5th Cir.1984); *In re Halpern*, 50 B.R. 260 (Bankr.N.D.Ga. 1985); *In re Marks*, 40 B.R. 614 (Bankr.D. S.C.1984); *In re Laudani*, 38 B.R. 632 (Bankr.S.D.Mich.1984); *In re Cooney*, 8 B.R. 96 (Bankr.W.D.Ky.1980). Further inquiry into the facts surrounding a debtor's obligation based upon a prior proceeding is a power clearly conferred upon the bankruptcy courts, because in the prior proceeding the liability of the debtor is the issue normally litigated, not its dischargeability under the Bankruptcy Code. *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 2211, 60 L.Ed.2d 767 (1979); *see In re Daley*, 776 F.2d 834 (9th Cir.1985) *cert. denied* — U.S. ——, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986).

The foregoing discussion is intended to establish the ground rules by which this Court must abide in determining whether or not the findings in the West German judgment establishing the debt Bosselait owes to Standex preclude it from making further inquiry into the circumstances surrounding the debt's creation. This Court is not confined to a prior judgment and it is not barred from making its own inquiry into the character and, ultimately, the dischargeability of the subject debt. *In re Myers*, 52 B.R. 901, 903–04 n. 1 (Bankr.E.D. Va.1985); *Matter of Halpern*, 50 B.R. 260, 262 (Bankr.N.D.Ga.1985); *Carey Lumber Co. v. Bell*, 615 F.2d 370, 377 (5th Cir.1980).

Moreover, with regard to issues of dischargeability under either § 523(a)(2), (4) or (6) of the Bankruptcy Code, the determination of "whether or not a debt is dischargeable is a legal conclusion based on facts of each case and the bankruptcy court has the *exclusive* jurisdiction to make that conclusion." (Emphasis in original.) *Spilman v. Harley*, 656 F.2d 224, 227 (6th Cir.1981) *cited in Halpern*, 50 B.R. at 262.

■ Nevertheless, this Court may find facts established in previous litigation conclusive. The Fifth Circuit in *Matter of Shuler*, 722 F.2d 1253, 1255 (5th Cir.1984) stated that a previous court's judgment may be considered as evidence that, if uncontradicted, may be sufficient upon which to base a holding that the debt is nondischargeable as measured by the federal standard of nondischargeability. Likewise, *Matter of Halpern*, 50 B.R. 260 (Bankr.N. D.Ga.1985) held that

[t]his court may invoke collateral estoppel to preclude relitigation of the facts actually and necessarily litigated in the [previous] court action, and that are discernable from the record, without surrendering its exclusive jurisdiction over the dischargeability question. These facts can properly be considered as evidence of nondischargeability.

*Halpern*, 50 B.R. at 262. Thus, the question facing this Court is whether the record of the West German court proceedings demonstrates, clearly and convincingly, that all the elements necessary to prove a debt nondischargeable under either § 523(a)(2) or § 523(a)(4) are present. If the court is unable to determine from the record that the requisite elements are present, then summary judgment must be denied.

Standex argues that Bosselait, while acting as business manager (Geschaftsfuhrer) of Standex, ordered the corporation to pay him more compensation than he was entitled to receive, and that such representation was made to Standex' accounting department with full knowledge that Bosselait was not entitled to the additional compensation. Standex alleges that as Ges-

chaftsfuhrer, Bosselait occupied and violated his status as a fiduciary with respect to the corporation, giving rise to a finding of nondischargeability under 11 U.S.C. § 523(a)(4). Standex cites the Witthuhn affidavit for the proposition that one who occupies Geschaftsfuhrer status is a fiduciary under West German law. Furthermore, Standex argues that Bosselait's actions constitute actual fraud, false representations and false pretenses under 11 U.S.C. § 523(a)(2).

On the other hand, Bosselait, in his affidavit, has expressly denied any fiduciary relationship existed between he and Standex. In addition, it is Bosselait's position, supported by the Klingler affidavit, that had any fraudulent activity taken place the German civil court would have been obligated to turn the matter over to a German criminal court. Bosselait asserts that no such proceeding was ever instituted, and he thus contends that no fraud can be inferred from the record of the German proceedings.

Compounding the dispute over the conclusions reached by the West German court is the fact that both Standex and Bosselait have submitted varying translations of the appellate court judgment. The translation provided by Standex provides, in pertinent part, as follows:

[A]s business manager, the defendant [Bosselait] is guilty of violating the employment contract and therefore has inflicted damages on the plaintiff. His offense is based on the fact that the defendant directed and ordered the plaintiff's [Standex] accounting department to calculate and pay his renumeration as business manager for the period from October, 1973 to November, 1976 on the basis of a so-called net compensation plan. This was done without the existence of any binding agreement between the parties concerning the amounts of the payments to be made.

Furthermore, Standex' translation provides that

the defendant has acted in a guilty manner. He ordered the payment of his com-

pensation (on the basis of a net salary) in full knowledge that he was not entitled to such. The contents of the memorandum of January 18, 1974, in combination with the testimony of the witness, Cooper, were decisive in determining subjective guilt. Defendant has referred to the memorandum to justify his instructions to the plaintiff's accounting department concerning his own income. Yet, this memorandum sets forth clearly and unmistakably that the greater burdens resulting from differing tax systems should be relieved *through a tax equalization plan,* not by means of a net salary in the amount of 85% of gross compensation, plus 100% of allowances. Since no circumstances exist for a misunderstanding based on ignorance on the part of the defendant in reference to the net salary scheme actually practiced, the defendant's conduct shows itself as willful and premeditated. (Emphasis in original).

The Heidenberger translation provided by Bosselait, on the other hand, interprets the first passage as reading,

the defendant in his capacity as business manager breached the employment contract and thereby caused damages to the plaintiff. The breach consisted of the defendant's instructions to the bookkeeping department of the plaintiff to arrange for the compensation to the manager for the period from October 1973 until November 1976 to be computed and paid on the basis of the so-called net salary, without the parties having agreed to compensation in the amounts actually paid.

Heidenberger also disputes a portion of the second passage, interpreting the phrase that Standex offers as "the defendant has acted in a guilty manner" as actually reading "the defendant violated the law of contracts." In addition, rather than the word "premeditated" in the last sentence, Bosselait's affiant interprets the phrase to merely mean "wilfully."

Heidenberger further asserts in his affidavit that the German judgment is merely a money judgment for a breach of contract and no provision of the judgment addresses the issue of a tort cause of action based upon actual fraud, false pretenses, or false representations. Heidenberger argues that whether or not Bosselait's actions would constitute a tort under German law requires speculation by this Court, since the West German court did not have before it a tort cause of action and therefore it did not rule on the issue.

For this Court to find that a debt is nondischargeable based upon actual fraud, false representations, or false pretenses under 11 U.S.C. § 523(a)(2)(A), the plaintiff must prove (1) that the debtor made a false representation; (2) that at the time of making the representation he knew it was false; (3) that he made it with the intention and purpose of deceiving the creditor; (4) that the creditor relied on the representation; and (5) that the creditor sustained the alleged loss and damage as a result of the representation having been made. *In re Hazelwood,* 43 B.R. 208, 211 (Bankr.E.D.Va.1984); *In re Carneal,* 33 B.R. 922 (Bankr.E.D.Va.1983). As mentioned previously, the plaintiff must prove each of the above elements by clear and convincing evidence. *Hazelwood,* 43 B.R. at 211; *Carneal,* 33 B.R. at 925; *see Brown v. Buchanan,* 419 F.Supp. 199 (E.D. Va.1975).

In order to prove that a debtor has incurred a debt through fraud or defalcation while acting in a fiduciary duty, under 11 U.S.C. § 523(a)(4), the plaintiff must prove, again, through clear and convincing evidence, that the debtor was (1) in a fiduciary capacity *vis á vis* the creditor, *In re Criswell,* 52 B.R. 184, 201 (Bankr.E.D.Va. 1985), and (2) that the debt was incurred by fraud, defalcation, embezzlement, or misappropriation. *In re Wolfington,* 48 B.R. 920 (Bankr.E.D.Pa.1985); *In re Byrd,* 15 B.R. 154, 156 (Bankr.E.D.Va.1981).

The German court made no express findings based upon the elements and standards necessary to prove a dischargeability case under either § 523(a)(2) or § 523(a)(4)

of the Bankruptcy Code. Thus, this Court cannot give preclusive effect to any German court findings based upon the issues needed to prove that the debt to Standex is nondischargeable. Moreover, in *Brown v. Felsen, supra,* the Supreme Court held that preclusive effect should be denied in a dischargeability case when the prior judgment is not based upon standards identical to those needed for a declaration of dischargeability. *Brown v. Felsen,* 422 U.S. at 139, n. 10, 99 S.Ct. at 2213, n. 10; *see also In re Marks,* 40 B.R. 614, 617 (Bankr. D.S.C.1984). However, if this Court can make an independent determination from the record that the debt is nondischargeable by the applicable burden of proof, then the Court may grant summary judgment without a further hearing.

■ This the Court is not inclined to do. This conclusion is reached on the basis of reading the facts in the light most favorable to the party opposing the motion for summary judgment. *In re Toscano,* 23 B.R. 736, 740 (Bankr.D.Mass.1982); *United States v. Diebold,* 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). With regard to the allegations of fraud under § 523(a)(2)(A), this Court, in accord with *Toscano,* is reluctant to draw fact inferences relating to state of mind when ruling on motions for summary judgment. *Toscano,* 23 B.R. at 740. While it is apparent that Bosselait may have wilfully breached his employment contract with Standex, which is evident from the translations provided by *both* parties, the Court cannot find by clear and convincing evidence that such conduct rises to the level of fraud necessary to find the debt nondischargeable under § 523(a)(2)(A) and that Bosselait had the intent to deceive required by that subsection. In support of this conclusion the Klingler affidavit is uncontroverted in its

assertion that had fraud been found to exist, the civil court would have been required to turn the matter over to a criminal tribunal. Additionally, given the fact that Bosselait has denied that he committed a defalcation while in a fiduciary capacity in the affidavit submitted in his opposition to the motion for summary judgment, the Court finds through the absence of a finding in the record that a fiduciary relationship existed, that there is a genuine issue as to a material fact. As mentioned earlier, Standex has cited the affidavit of Wilfred E. Witthuhn for support of its position that Bosselait was acting in a fiduciary capacity under German law; however, Bosselait's denial puts this matter in issue.[1]

■ Standex asserts that Bosselait's admission in the domestication suit in the United States District Court that the action that was brought against him in West Germany was for an unlawful defalcation of corporate funds constitutes an admission that a defalcation in a fiduciary capacity occurred. How the prior action may have been characterized is irrelevant to a finding of nondischargeability, especially since no findings were made that this Court can base a nondischargeability claim upon. Merely admitting that an action was *brought* for a defalcation does not constitute an admission that a defalcation in a fiduciary capacity occurred. Although purely speculative at this point, it may have been Bosselait's intention at the time of the domestication of the West German judgment to resort to bankruptcy in order to discharge further liability on the debt, and, were that his intention, his consent to a default judgment or admission to the allegations in the complaint would have saved both time and legal fees. Moreover, given that the West German judgments are couched in breach of contract language,

---

1. Although Standex has cited certain provisions of the West German GmbH law in support of its position that Bosselait was a fiduciary, the English translations provided by Standex seem more relevant to the power of a Geschaftsfuhrer to bind the corporation by his acts rather than to the occupancy of a fiduciary relationship. As the district court held in *Nicolas Eustathiou &*

*Co. v. United States,* 154 F.Supp. 515, 517 (E.D. Va.1957), "[i]t is well settled that foreign law must be proved to the satisfaction of the court." This Court concludes, therefore, that Standex has not carried its burden of proving the existence of a fiduciary relationship by the requisite burden of proof.

Bosselait's admission in the district court suit does not merit great weight toward a finding of nondischargeability.

Although it is generally true that an officer or director of a corporation stands in a fiduciary capacity with respect to the corporation, *In re Criswell*, 52 B.R. 184, 201 (Bankr.E.D.Va.1985); *In re Fussell*, 15 B.R. 1016, 1021 (W.D.Va.1981), Bosselait's obligations and duties under West German law are not clear, and this Court is not inclined to impose such a duty on the debtor absent a clear showing that the duty exists. Should it be shown that a fiduciary duty does exist, Standex must prove that Bosselait's conduct in breaching the employment contract constitutes a violation of that duty. As is the policy of the Bankruptcy Code, exceptions to discharge should be narrowly interpreted and construed in favor of the debtor. *In re Marks*, 40 B.R. 614, 618 (Bankr.D.S.C.1984); *Gleason v. Thaw*, 236 U.S. 558, 35 S.Ct. 287, 59 L.Ed. 717 (1915).

Although the fact that Bosselait breached the employment agreement is not in doubt, this Court concludes that the issue of fraud nor the issue of defalcation in a fiduciary capacity was fully litigated in the West German court system. As the Ninth Circuit stated in *In re Daley*, 776 F.2d 834 (9th Cir.1985) *cert. denied* —— U.S. ——, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986).

> *What is required is that the bankruptcy court consider all relevant evidence*, including the [prior] court proceedings, that is offered by the parties, or requested by the court, and on the basis of that evidence determine the nondischargeability of judgment debts which the creditors contend are described in [§§ 523(a)(2) and (4)]. (Emphasis in original).

*Daley*, 776 F.2d at 838–39.

The Court finds that further inquiry into the facts underlying Bosselait's debt to Standex is necessary, specifically those facts necessary and relevant to prove nondischargeability under § 523(a)(2) and § 523(a)(4). The Court is not persuaded by the record that Bosselait's breach of his employment contract necessarily equates to a finding of nondischargeability under § 523 of the Bankruptcy Code, and, for that reason, Standex' Second Motion for Summary Judgment must be denied.

An appropriate Order will issue.