**In re Charles Richard DAVES, Brenda Mae Daves, Debtors.**

**UNITED STATES of America, Plaintiff,**

v.

**Charles Richard DAVES, Brenda Mae Daves, Defendants.**

**Bankruptcy No. 86–01496–N.
Adv. No. 86–1161–N.**

United States Bankruptcy Court,
E.D. Virginia,
Norfolk Division.

April 30, 1987.

Lt. Michael Roberson, JAGC, USNR, Sp. Asst. U.S. Atty., Norfolk, Va., for plaintiff.

Tom C. Smith, Virginia Beach, Va., for defendants.

MEMORANDUM OPINION

HAL J. BONNEY, Jr., Bankruptcy Judge.

*Findings of Fact*

This matter comes before the Court pursuant to a Motion for Summary Judgment by the debtors, Charles and Brenda Daves, in response to a Complaint by the United States of America to determine the dischargeability of a debt. The facts appear as follows:

On September 3, 1986, Mr. and Mrs. Daves filed a joint Chapter 7 petition and were granted discharges on December 23, 1986. On December 4, 1986, the United States of America instituted a complaint to determine the dischargeability of a debt pursuant to 11 U.S.C. 523 (1978). Specifi-

cally, the United States of America alleges that the conduct of the defendants constituted (1) obtaining money by false pretenses, a false representation, or actual fraud other than a statement respecting the debtors or an insider's financial condition in violation of 11 U.S.C. 523(a)(2)(A); (2) fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny in violation of 11 U.S.C. 523(a)(4); and (3) willful and malicious injury by the debtor to another entity in violation of 11 U.S.C. § 523(a)(6). In particular, the United States is seeking to save from discharge certain housing allowance subsidies alleged to have been wrongfully received by the debtors.

A lengthy court martial proceeding had been conducted on February 17, 1987, against Mr. Daves at the Navy Legal Service Office Detachment, NAS Oceana, Virginia Beach, Virginia. There the United States Navy alleged that between April 16, 1982, and June 29, 1986, Mr. Daves had been receiving naval housing subsidies in the form of Basic Allowance for Quarters (BAQ) and Variable Housing Allowance (VHA) payments while residing in rent-free Naval housing. A charge of larceny pursuant to Article 121 of the UCMJ, 10 U.S.C. § 921 was brought against him (Exhibit A attached). The military court quickly found that Mr. Daves did not possess the requisite criminal intent to permanently deprive the U.S. Navy of the use and benefit of its property and found him not guilty.

The defendant raises two separate grounds to support his motion for full or partial summary judgment. First, the defendant asserts that the Virginia Statute of Limitations has run on the plaintiff's allegation of fraud and it is, therefore, barred from bringing any such actions occurring more than one year prior to the date of the filing of the bankruptcy petition. Second, the defendant alleges that all of the § 523 fraud allegations of this dischargeability action were fully and fairly litigated in the court martial proceeding; accordingly, the plaintiff is barred by the doctrines of res judicata and collateral estoppel from relitigating any matters previously determined by the military court. Should the debtor establish either ground, the motion for

summary judgment would be governed by Rule 56 of the Federal Rules of Civil Procedure which provides that judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material facts and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

### Conclusions of Law

### Statute of Limitations

██ The debtor first alleges that the Virginia Statute of Limitations bars the plaintiff from asserting any allegations of fraud which occurred more than one year prior to September 3, 1985, the date of the filing of the bankruptcy petition. Under Virginia Code § 8.01–248 (1984), an action based on fraud must be brought within one year after the right to bring such action has accrued. A cause of action based on fraud accrues at the time when the fraud is discovered or by the exercise of due diligence ought to have been discovered. *Stevens v. Abbott, Proctor & Paine,* 288 F.Supp. 836 (E.D.Va.1968). The Court finds that although a thorough examination of the plaintiff's records would have revealed the existence of the debtor's on-base residence and BAQ/VHA payments, the U.S. Navy did not fail to exercise due diligence in discovering the double payment. Accordingly, the Court finds that the cause of action for fraud accrued as of June 19, 1986, and the action is not barred by the Virginia Statute of Limitations. The Court overrules the motion for summary judgment on this point.

### Res Judicata

### Collateral Estoppel

The debtor alternatively alleges that the plaintiff is barred by the doctrines of res judicata and collateral estoppel from relitigating identical issues determined at the court martial proceeding. The debtors raise the question of the preclusive effect of a court martial ruling in a bankruptcy dischargeability proceeding. Res judicata or claim preclusion provides that once there

has been a final judgment on the merits of a cause of action, the parties are forever barred from relitigating any issues in a subsequent suit that were or could have been litigated in the first suit. *Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205, 2209, 60 L.Ed.2d 767 (1979). Collateral estoppel or issue preclusion forecloses the relitigation of only those issues that were expressly decided in and necessary to the determination of a prior suit. *Id.*

The Supreme Court has rejected giving a state court judgment res judicata effect to bar a bankruptcy court's examination of a debt's dischargeability under the former § 17, now § 523 of the Bankruptcy Code. *Brown v. Felson*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). However, the Court in *Brown* expressly declined to address the issue of collateral estoppel and indicated that issue preclusion would be proper in certain circumstances. A leading case addressing the use of collateral estoppel in bankruptcy dischargeability proceedings is *Spilman v. Harley*, 656 F.2d 224 (6th Cir.1981). In *Spilman*, the Court established three criteria which must be proven in order for collateral estoppel to apply: (1) the precise issue in the later proceeding must have been raised in the prior proceeding; (2) the issue must have actually been litigated; and (3) the determination must be necessary to the outcome. *Spilman*, 656 F.2d at 228. Thus, if the bankruptcy court concludes that the above three requirements are met, the court may find facts established in previous litigation conclusive. *In re Bosselait*, 63 B.R. 452, 456 (Bankr.E.D.Va.1986). The Fifth Circuit has agreed finding that:

"... collateral estoppel-arising from an earlier nonbankruptcy suit's determination of subsidiary facts that were actually litigated and necessary to the decision—may properly be invoked by the bankruptcy court to bar relitigation of those issues, even though the bankruptcy court retains the exclusive jurisdiction to determine the ultimate question of the dischargeability under federal bankruptcy law of the debt, upon the facts so based and other evidence before the court."

*Matter of Shuler*, 722 F.2d 1253, 1255 (5th Cir.1984). *See also Matter of Ross*, 602 F.2d 604 (3rd Cir.1979); Ferriell, *The Preclusive Effect of State Court Decisions in Bankruptcy*, 58 Am.Bankr.L.J. 349 (1984).

The Fourth Circuit Court of Appeals has also analyzed the res judicata and collateral estoppel effect of a nonbankruptcy judgment in a bankruptcy dischargeability proceeding. In *Matter of Pigge*, 539 F.2d 369 (1976), the Court found it was well settled that "issues which have been necessarily litigated in the State Court are entitled to res judicata and collateral estoppel effect." *Pigge*, 539 F.2d at 373.

■ The fraud issues raised in this dischargeability suit under § 523 are identical to the fraud and larceny allegations litigated in the court martial proceeding. The United States Navy had the opportunity to present its evidence against Mr. Daves and fully litigate the fraud and larceny charges. The factual determinations by the military court were necessary to the court's finding of not guilty and were therefore critical to the outcome of the case. Finally, the military court is a most competent judicial tribunal and its rulings should receive the same res judicata and collateral estoppel effect as any other judgment. Mr. Daves has met his burden of proof and established the elements necessary for collateral estoppel and res judicata to apply as stated in *Spilman, Shuler* and *Pigge*. Accordingly, the United States of America is barred from relitigating the fraud allegations brought against Mr. Daves in this dischargeability suit. However, Mrs. Daves was not a party to the court martial proceeding; therefore, the fraud allegations against her have not been fully and fairly litigated.

The Court would observe that over the years one of the major causes of servicemen in this area filing bankruptcy is that they were somehow overpaid in salary or benefits and when finally discovered by the service, that branch would mercilessly and ruthlessly begin to "get it back" by withholding most or all of the serviceman's pay. He was left with little or no income upon which he and his family could exist. He

was destitute. Bankruptcy became the only alternative.

The employer might regain these over-payments in a civil or military action, but under bankruptcy law, the grounds become quite different, the burden very heavy. One would have to show fraud. These young servicemen were receiving too much renumeration, but it was not a fraudulent scheme they perpetrated. They had not applied for it, it simply showed-up in the pay through some stupid error in accounting. They kept it. They are young, not well-educated and certainly not officers. They are the rank and file who take, like the uniforms and the chow, whatever is doled out to them.

Finding all of the dischargeability issues of fraud in this case to have been fully determined in the previous court martial proceeding and finding there to be no genuine issue as to any material fact, it is, therefore

ORDERED, ADJUDGED and DE-CREED that as to Mr. Daves only, the motion for summary judgment is hereby granted. She, obviously, was not court martialed.

## APPENDIX

12.
On 22 October, 19 86, the accused was informed of the charges against him and of the name(s) of the accuser(s) known to me (See R.C.M. 308 (a)). (See R.C.M. 308 if notification cannot be made )

Walter J. Silveira — Atkron Five Five, VA BEACH, VA
Typed Name of Legal Officer — Organization of Immediate Commander

LT, USN
Grade
[signature] Signature

### IV. RECEIPT BY SUMMARY COURT-MARTIAL CONVENING AUTHORITY

13.
The sworn charges were received at 1400 hours, 22 October 19 86 at Atkron Five Five, VA BEACH, VIRGINIA
Designation of Command or

Officer Exercising Summary Court-Martial Jurisdiction (Sec R.C.M. 403)

W. C. CHEWNING — Commanding Officer
Typed Name of Officer — Official Capacity of Officer Signing

CDR, USN
Grade
[signature] Signature

### V. REFERRAL; SERVICE OF CHARGES

14a. DESIGNATION OF COMMAND OF CONVENING AUTHORITY
Commander Fighter Medium Attack Airborne Early Warning Wings, Atlantic

b. PLACE: Virginia Beach, Virginia

c. DATE: 13 January 1987

Referred for trial to the general court-martial convened by My General Court-Martial Convening Order 1-87

, 13 January 19 87, subject to the following instructions:[2]

None.

By _____ of _____
Command or Order

[signature]
G. L. RIENDEAU
Typed Name of Officer

Commander Fighter Medium Attack Airborne Early Warning Wings, Atlantic
Official Capacity of Officer Signing

Rear Admiral, U.S. Navy
Grade

Signature

15.
On 23 JANUARY, 19 87, I (X) served a copy hereof on (XXXXX) the above named accused.

MICHAEL F. HUGHES — LT
Typed Name of Trial Counsel — Grade or Rank of Trial Counsel

[signature]
Signature

FOOTNOTES: 1 — When an appropriate commander signs personally, inapplicable words are stricken.
2 — See R.C.M. 601(e) concerning instructions. If none, so state.

Form 458 Reverse, 84 AUG

**CHARGE SHEET**    EXHIBIT A

## I. PERSONAL DATA

| 1. NAME OF ACCUSED (Last, First, MI) | 2. SSN | 3. GRADE OR RANK | 4. PAY GRADE |
|---|---|---|---|
| DAVES, CHARLES R. | 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 | AE1 | E6 |

| 5. UNIT OR ORGANIZATION | 6. CURRENT SERVICE | |
|---|---|---|
| ATKRON FIVE FIVE (VA-55) | a. INITIAL DATE 86JUN30 | b. TERM INDEF. |

| 7. PAY PER MONTH | | | 8. NATURE OF RESTRAINT OF ACCUSED | 9. DATE(S) IMPOSED |
|---|---|---|---|---|
| a. BASIC | b. SEA/FOREIGN DUTY | c. TOTAL | | |
| $1,447.50 | | $1,447.50 | None | NA |

## II. CHARGES AND SPECIFICATIONS

10 CHARGE: I    VIOLATION OF THE UCMJ, ARTICLE 121

SPECIFICATION: In that Aviation Electrician's Mate first class Charles R. Daves, U. S. Navy, Attack Squadron FIFTY-FIVE at Naval Air Station Oceana, Virginia Beach, Virginia, on active duty, did on board Naval Air Station Oceana, Virginia Beach, Virginia, during the period ~~16~~ 22 OCT 83 ~~April 1982~~ to 29 June 1986, steal ~~$22,009.30~~, more or less, the pro- MFH perty of the United States Government, said amount being payment of Basic Allowance for Quarters and Variable Housing Allowance.

$14,425.34. MFH

## III. PREFERRAL

| 11a. NAME OF ACCUSER (Last, First, MI) | b. GRADE | c. ORGANIZATION OF ACCUSER |
|---|---|---|
| BESANT, Carroll R. | PN2, USN | ATKRON FIVE FIVE, VA BEACH, VA |

| d. SIGNATURE OF ACCUSER | e. DATE |
|---|---|
| Carroll R Besant | 22 October 1986 |

AFFIDAVIT   Before me, the undersigned, authorized by law to administer oaths in cases of this character, personally appeared the above named accuser this __22ND__ day of __October__, 19 __86__, and signed the foregoing charges and specifications under oath that he/she is a person subject to the Uniform Code of Military Justice and that he/she either has personal knowledge of or has investigated the matters set forth therein and that the same are true to the best of his/her knowledge and belief.

| Walter J. Silveira | Atkron Five Five, VA BEACH, VA |
|---|---|
| Typed Name of Officer | Organization of Officer |
| LT, USN | Legal Officer |
| Grade | Official Capacity to Administer Oath (See R.C.M. 307(b)—must be commissioned officer) |

Signature

DD FORM 458    EDITION OF OCT 69 IS OBSOLETE.    S/N 0102-LF-000 458