In re James M. WATERS and wife, Billy Jo Waters, Debtors.

CAPITAL AGGREGATES, INC., Plaintiff,

v.

James M. WATERS and wife, Billy Jo Waters, Defendants.

Bankruptcy No. 1-80-BK-00468.
Adv. No. 1-81-BK-0040.

United States Bankruptcy Court,
W. D. Texas,
Austin Division.

Feb. 1, 1982.

Donald L. Baker, Austin, Tex., for plaintiff, Capital Aggregates, Inc.

Watson M. Howell, Jr., Austin, Tex., for debtors and defendants.

## ORDER

JOSEPH C. ELLIOTT, Bankruptcy Judge.

The Defendants in this Complaint filed a Voluntary Petition for Relief pursuant to the provisions of Chapter 7 of the Bankruptcy Code.

The Defendant, James M. Waters, was President of James M. Waters Contractor & Co., a construction company. In his capacity as President of the company, he entered

into a contract to construct a building. Capital Aggregates, Inc., Plaintiff in the proceeding, filed a Complaint to Determine Dischargeability of a Debt in the proceedings pursuant to Section 523(a)(4) of the Bankruptcy Code.

The Court finds that it has jurisdiction in this matter pursuant to the provisions of 28 U.S.C. Section 1471.

Prior to a determination on the merits, it is necessary for the Court to resolve a disputed issue of law in this case.

The Plaintiff and the Defendants agree that this matter is governed by the provisions of Section 523(a)(4) of the Bankruptcy Code and Article 5472e, Texas Revised Civil Statutes, but disagree as to the essential elements barring the discharge of a debt. The parties also disagree as to whether this Court is bound by facts asserted in default judgments rendered by State District Courts.

In pertinent part, Section 523(a)(4) provides:

"Section 523. Exceptions to discharge. (a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt... (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny; ..."

Article 5472e, Texas Revised Civil Statutes, Section 1, provides in pertinent part that:

"All moneys or funds paid to a contractor ... under a construction contract for the improvement of specific real property in this state, and all funds borrowed by a contractor ... for the purpose of improving such real property which are secured in whole or in part by a lien on the specific property to be improved are hereby declared to be Trust Funds for the benefit of the artisans, laborers, mechanics, contractors, subcontractors or materialmen who may labor or furnish labor or material for the construction or repair of any house, building or improvements whatever upon real property; provided, however, that moneys paid to a contractor ... may be used to pay reasonable overhead of said construction contract. The contractor ... receiving such payments or funds, ... is hereby made and constituted a Trustee of such funds so received or under his control or direction.

It is the Plaintiff's contention that Article 5472e, supra, creates an express trust for the benefit of materialmen, and that the Defendant Contractor's failure to pay or account for funds received for the improvement of specific real property constitutes "defalcation while acting in a fiduciary capacity".

The Plaintiff further contends that intent to defraud, misappropriate or embezzle funds is not a necessary element of defalcation, but rather the mere *failure to account* for the funds received from a construction contract is sufficient to establish "defalcation" as that term is used in Bankruptcy Code Section 523.

The Defendant Contractor contends that intent is an essential element of defalcation, and that an innocent or simple failure to account for funds received under a construction contract to improve specific real property does not bar the discharge of a debt, and that there must be an intentional wrongdoing.

■ Funds received by a contractor pursuant to a construction contract covering specific real property must be held in trust for any entity or party who has furnished labor or material under the contract. Tex. Rev.Civ.Stat.Ann., Art. 5472e (Vernon Supp. 1980–1981). Such statutory trusts are considered express trusts for purposes of Section 523(a)(4) of the Bankruptcy Code. *Carey Lumber Co. v. Bell*, 615 F.2d 370, 374 (5th Cir. 1981). In *Carey*, the Court of Appeals for the Fifth Circuit found that the Oklahoma Lien Trust Statutes[1] clearly defined the trust res and

---

1. "Sec. 152. Proceedings of building or remodeling contracts, mortgages or warranty deeds as trust funds for payment of lienable claims.

(2) The monies received under any mortgage given for the purpose of construction or remodeling any structure shall upon receipt by

duties of the Trustee in applying trust funds and on that basis the Court held the trust created by the lien trust statutes to be an express trust even though a trust agreement between the parties might be lacking. *Id.* at 374. A comparison of the Oklahoma and Texas statutes shows the Texas Statute to be even more exacting in its definition of the trust res and duties of the trustee than its Oklahoma counterpart. *Compare,* Tex. Rev.Civ.Stat.Ann. Art. 5472e (Vernon Supp. 1980–1981) *with* 42 Okla.St.Ann., Secs. 152, 153 (1971). In view of the holding in *Carey* and the language and intent of Article 5472e, the Court finds an express trust is created by the Texas Statute.

The next inquiry before the Court is to determine the acts which constitute defalcation and whether those acts must be intentional. At least one Texas Court was presented the opportunity to define defalcation within the context of Section 17, Subsection 4 of the Bankruptcy Act of 1898. In *Orndorff v. State,* 108 S.W.2d 206, 212 (Tex. Civ.App., El Paso, 1937, writ ref.), the Appellant, in his capacity as County Sheriff, received large sums of money from the United States government for the maintenance of federal prisoners incarcerated in the county jail. A judgment was rendered against Appellant for his failure to account for and pay to the County profits which arose as excess fees of office. *Id.,* at 208. Subsequent to the judgment, Appellant filed a petition in bankruptcy and scheduled the judgment as a liability. *Id.* The Court of Civil Appeals held the Sheriff's failure to fulfill his duty to account for the funds amounted to a defalcation within the meaning of Section 35 of the Bankruptcy Act, thereby precluding the discharge of the amount due under the judgment. *Id.* at 212. The Court found the term "defalcation" to have a broader meaning than "fraud", "embezzlement", or "misappropriation". *Id.*

The mere linkage of such terms with defalcation by the Act of 1867, reasoned a later case before the Court of Appeals for the Second Circuit, could not be construed as attributing to defalcation the intentional or deliberate connotations accorded acts of "fraud", "embezzlement" or "misappropriation". *Central Hanover Bank & Trust Co. v. Herbst,* 93 F.2d 510, 511 (2nd Cir. 1937). In *Herbst,* the bankrupt had been appointed receiver of real property in a mortgage foreclosure suit. *Id.* at 511. The property was sold and Herbst withdrew the proceeds and spent an amount allowed him by an order passing his intermediate account, but he did so without waiting for the time to appeal to expire. *Id.* The Court held that as a fiduciary the bankrupt had a continuing duty to account for the funds until passage of the time for appeal, at which point his authority to appropriate funds for his own benefit vested. *Id.* at 512. The Court found the acts of the bankrupt, while not rising to the level of "fraud", "embezzlement" or "misappropriation", constituted a defalcation, thereby precluding the discharge of the amount he appropriated. *Id.*

The contention that intentional misconduct is not a necessary predicate for dischargeability under Section 17(a)(4) received further delineation and support by the Court of Appeals for the Fifth Circuit in *Carey Lumber Co. v. Bell,* 615 F.2d 370 (5th Cir. 1980). On facts similar to those before this Court, the Court of Appeals, pursuant to Oklahoma Lien Trust Statutes, 420, Secs. 152, 153 (1971), found that a fiduciary relationship arose upon receipt by the bankrupt of funds under a construction mortgage. *Id.* at 374. The Court held the Bankruptcy Court was not required to find the bankrupt intentionally diverted, stole, or misappropriated funds for his own use in

---

the mortgagor be held as trust funds for the payment of all valid lienable claims due and owing or to become due and owing by such mortgagor by reason of such building or remodeling contract.

"Sec. 153. Payment of lienable claims.

(1) Such trust funds shall be applied to the payment of said valid lienable claims and no portion thereof shall be used for any other purpose until all lienable claims due and owing shall have been paid.

(2) If the party receiving any money under Section 152 shall be a corporation, such corporation and its managing officers shall be liable for the proper application of such trust funds."

order to hold the debt nondischargeable under Section 17(a)(4) of the Bankruptcy Code. *Id.* at 375. Furthermore, this Court, in another case, has defined defalcation as "the failure of a fiduciary to account for moneys received in a fiduciary capacity". *Traveler's Express Company v. McRay,* Cause No. 7–80–BK–00012, Adversary No. 7–80–BK–0002 (Bankruptcy Ct., W.D.Tex., Feb. 2, 1981).

From the foregoing, this Court is bound to hold intent is not an essential element of defalcation and that an innocent or simple failure to account for funds received under a construction contract to improve specific real property pursuant to Article 5472e will render the ensuing debt non-dischargeable under Section 523(a)(4) of the Bankruptcy Code.

■■■ The remaining issue is whether the judgments entered in the State Court in this case constitute a finding of res judicata as to the creation and breach of a trust. The facts of this case are distinguishable from *Carey Lumber Co. v. Bell* on the basis of the type of judgments rendered by the respective State Courts. *See* 615 F.2d at 377. In *Carey,* the debtor entered into consent judgments. *Id.* However, the Court never reached the issue of whether the doctrine of res judicata applies to consent judgments and *Carey,* therefore, does not stand as affirmative authority for such a proposition. *Id.* at 378. The Supreme Court has addressed the issue presently before this Court and held in *Brown v. Felsen,* 442 U.S. 127, 138–39, 99 S.Ct. 2205, 2213, 60 L.Ed.2d 767 (1979) that a "bankruptcy court is not confined to a review of the judgment and record in [a] prior state-court [proceeding] when considering the dischargeability of [a debt]." Furthermore, the Court said that since bankruptcy law is federal law, the Federal Courts have the exclusive jurisdiction as to the meaning of terms within the Bankruptcy Code. *Id.* at 136, 99 S.Ct. at 2211. A Bankruptcy Court can go behind a default judgment rendered by a State Court to determine the nature of the debtor's acts because when a debtor seeks a discharge in bankruptcy, he places those acts squarely in issue. *Id.* at 138, 99 S.Ct. at 2212. Furthermore, the Court reasoned that "absent a trial on the merits, there is no particular reason to favor extraneous facts thrown into a record for Section 17 purposes over facts adduced before the Bankruptcy Court." *Id.* at 135, 99 S.Ct. at 2211.

In view of the holding and rationale of the *Brown* decision, this Court finds that it must go beyond the State Court default judgment to determine the nature and character of the debt insofar as the judgment affects the discharge of a debt under Section 523 of the Bankruptcy Code.

Texas Courts have held that one asserting a lien under Article 5472 must prove that the requisite conditions exist to establish a right to the proceeds of the trust created by that Statute. *See Berger Engineering Co. v. Village Casuals,* 576 S.W.2d 649 (Tex.Civ.App., Beaumont, 1978, no writ); *Red Henry Painting Co. v. Bank of North Texas,* 521 S.W.2d 339 (Tex.Civ.App., Corpus Christi, 1976, no writ).

Having settled the disputed issues of law and found that this Court is not bound by res judicata to assertions raised by State Court default judgments, it is the Order of this Court that a hearing shall be held on the 8th day of April, 1982 at 2:00 PM in the U.S. Courts Bldg. 200 W. 8th St. Austin, Texas at which time the Plaintiff shall be required to prove its case according to the requirements of Section 523(a)(4) of the Bankruptcy Code, Article 5472e of the Texas Revised Civil Statutes and the law as set out by this Opinion.