In re Edward Ray COPE and Pamela Kay Cope, Debtors,

Judith A. COPE, Plaintiff,

v.

Edward Ray COPE, Defendant.

Bankruptcy No. NK 83–01137.
Adv. No. 83–1106.

United States Bankruptcy Court,
W.D. Michigan.

Dec. 9, 1983.

The Adams Law Offices, P.C., Horace W. Adams, Paw Paw, Mich., for plaintiff.

Michael C. Dorstewitz, Coloma, Mich., for defendant.

## OPINION

DAVID E. NIMS, Jr., Bankruptcy Judge.

### DISCHARGEABILITY—MERGER BY JUDGMENT—DIVORCE

Judith A. Cope (Judith) filed her complaint for a determination that the debt owed by Edward Ray Cope (Edward) is not dischargeable.

On December 4, 1980, a judgment of dissolution of marriage was entered in the 16th Judicial Circuit Court for Kane County, Illinois. This judgment granted a divorce of the marriage between Judith and Edward and provided that Edward was to pay support for the child of the marriage at $20.00 a week commencing on the date of the judgment. On October 4, 1982, a judgment was entered by the Illinois court for arrearages of child support in the sum of $3,445.00 plus costs of $750.00. On April 13, 1983, a judgment was entered by the 7th Judicial District Court at South Haven, Michigan, by consent, in the sum of $4,915.00 with costs of $67.98. The complaint referred to the said judgment entered in Illinois. The attorney for Judith and Edward personally signed the judgment by consent.

On April 28, 1983, Edward and his present wife filed a joint petition for relief under Chapter 7 of Title 11, U.S.C.

11 U.S.C. § 523(a) provides in part:

"A discharge under section 727 * * * of this title does not discharge an individual debtor from any debt—

" * * *

"(5) to a spouse, former spouse, or child of the debtor, for * * * support of such * * * child, in connection with a * * * divorce decree * * * "

Edward claims that the Michigan District Court had no jurisdiction to enter a judgment for child support. Therefore, the judgment is void. But, if the judgment was not void, it was only because the district court judgment could only be for an "ordinary money judgment on an ordinary debt" and such a judgment would be dischargeable. Edward apparently agrees that the original debt is nondischargeable but the money judgment obtained in Michigan is dischargeable.

■ This court has jurisdiction to determine the dischargeability of any debt. "A debtor or any creditor <u>may</u> file a complaint with the court to obtain a determination of the dischargeability of any debt." Rule 4007 (underlining added) As this is not mandatory, this court's jurisdiction is held concurrently with any appropriate nonbankruptcy forum. See Advisory Committee note to Bankr.R. 4007. Thus, this court's jurisdiction is limited to the dischargeability of the debt and does not extend to a determination of the appropriateness of the forum applied to. The practice in the bankruptcy courts is that once a debt is held to be nondischargeable, the court will proceed to determine liability and damages and will then enter a judgment so that no other judgment will be necessary. Jurisdiction for this procedure could be found in the Bankruptcy Act of 1898 § 17c(3) and former Bankr.R. 409. There are no such provisions in the new Bankruptcy Code or in the new rules because this is not necessary in view of the expanded jurisdiction of the court. 3 Collier on Bankruptcy (15th Ed. 1983) 523–149. See Model Rule.

■ It is not necessary for me to determine the jurisdiction of the District Court. If the judgment is valid, this Court can still look behind the judgment on this issue of dischargeability. If the judgment is invalid, the Court does not have this problem and can then look directly to the Illinois judgments.

■ Even before Section 17 of the 1898 Act was amended in 1970 by Pub.L. 91–467 so as to grant to the bankruptcy courts jurisdiction to determine the dischargeability of debts, the courts under that Act and the Act of 1867 held that a judgment did

not merge a previous debt and the courts could look behind the judgment. *Pepper v. Litton,* 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939); *Boynton v. Ball,* 121 U.S. 457, 7 S.Ct. 981, 30 L.Ed. 985 (1887); *Hylek v. Hylek,* 148 F.2d 300 (7th Cir.1945) (A case involving dischargeability of support for children after a judgment for unpaid installments was entered); *In re Moore,* 111 F. 145 (W.D.Ky.1901); *In re Collis,* 184 Misc. 717, 53 N.Y.S.2d 316 (Supr.Ct.Monroe Co.1945). After the 1970 amendment, the courts continued to look behind judgments to determine questions of dischargeability. *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979); *In re Gross,* 654 F.2d 602 (9th Cir.1981); *Spilman v. Harley,* 656 F.2d 224 (6th Cir.1981); *In re Ross,* 602 F.2d 604 (3d Cir.1979); *In re Day,* 4 B.R. 750 (U.S.D.Ct.S.D.Ohio 1980); *In re Drayer,* 29 B.R. 831 (Bkrtcy.D.Mass.1983); *In re Waters,* 20 B.R. 277 (Bkrtcy.W.D.Tex.1982); *In re Raposa,* 18 B.R. 448 (Bkrtcy.D.Mass. 1982); *In re Sobolsky,* 18 B.R. 138 (Bkrtcy. M.D.Fla.1982); *In re Iannelli,* 12 B.R. 561 (Bkrtcy.S.D.N.Y.1981).

Therefore, for the above reasons, the debt of Edward to Judith is held to be nondischargeable.

This proceeding was submitted on briefs and the only reference as to the amount due is to the judgment in the Michigan District Court for $4,982.98. Even though this judgment may not be valid, it was by consent of the parties and is not contested by Edward at this time. A money judgment will be entered for $4,982.98 plus costs of $60.00. The judgment will bear interest at 9.86%. 28 U.S.C. § 1961.