In re John B. COFFEE, Debtor.

**HERMANN HOSPITAL
ESTATE, Plaintiff,**

v.

**John B. COFFEE, Defendant.**

Bankruptcy No. 86–05156–H1–11.
Adv. No. 86–0729.

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

May 13, 1987.

Luther H. Soules III, Soules & Reed, San Antonio, Tex., Tom Alexander, Alexander, Fogel & McEvily, Houston, Tex., for plaintiff.

J. Anthony Hale, Hale, Jones & Christi, Marilee A. Madan, Woodard, Hall & Primm, Houston, Tex., for defendant.

## ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

MANUEL D. LEAL, Bankruptcy Judge.

Pending before the court is the motion of Hermann Hospital Estate, plaintiff, for summary judgment. The Complaint to Determine Dischargeability of Debt seeks a determination that a judgment for over three million dollars that resulted from a state court jury trial is not dischargeable. After careful consideration of the pleadings and points of law raised therein, this court concludes that summary judgment must be denied.

### JURISDICTION

This court has jurisdiction of this proceeding pursuant to 28 U.S.C. sections 1334 and 157 and the Order of Reference of Bankruptcy Cases and Proceedings *Nunc Pro Tunc* issued on August 9, 1984 by the Chief District Judge of the Southern District of Texas. Proceedings to determine dischargeability of debts are specifically referred to the bankruptcy court as core proceedings pursuant to 28 U.S.C. section 157(b)(2)(I).

### FACTS

The following facts were set out in the plaintiff's motion for summary judgment and were not controverted in the defendant's responses. Most are based on the findings of the jury in the state court proceeding.

The debtor in this case and the defendant in this adversary proceeding, John B. Coffee, ("Coffee") filed a petition for protection under chapter eleven of the United States Bankruptcy Code on June 12, 1986. Coffee was appointed as a member of the Board of Trustees of the Hermann Hospital Estate ("estate") in 1964. He was a trustee appointed pursuant to an express written trust. The trust was established

as a public, charitable trust pursuant to the terms of the will of George Hermann to operate a hospital for the benefit of the poor and needy in Houston and Harris County. While he served as trustee of the estate, Coffee was involved in various financial transactions with the estate. He caused the estate to purchase shares of stock in corporations in which he owned stock. He concealed his ownership interest and the profits that he derived from the sales. He sold stock to the estate through a third party, thereby profiting from the sale, while concealing his interest and profit. A lawsuit brought by the estate against Coffee and others in the Eleventh Judicial District Court of Harris County, Texas culminated in a three week jury trial in which the estate was awarded $2,757,181.57 on its claim, $87,038.00 costs of court, and $1,000,000.00 exemplary damages, plus interest until paid. Some forty-four special issues were submitted to the state court jury and the jury found breaches of Coffee's fiduciary duty to the estate, among them that the trustee failed to disclose the transactions as required, that the trustee profited from the transactions, and that he acted willfully, wantonly, and in reckless disregard for the rights of the beneficiaries of the estate.

It is not disputed by the parties that the state court jury made those findings and others. It is not disputed that the defendant was a trustee acting in a fiduciary capacity before and at the time of the breaches of his duty. It is not disputed that the issues of breach of fiduciary duty were actually raised and litigated in the state court action. It is not disputed that the trust was an express trust and that it was in existence prior to the acts creating the debt. It is not disputed that the state court judgment is the subject of an appeal.

The parties dispute the preclusive effect of the judgment, the standards of proof to be applied under section 523, the sufficiency of the bond on appeal, matters of dischargeability, and other matters as set out in the pleadings.

The motion for summary judgment seeks resolution of the matter under 11 U.S.C.

section 523(a)(4) only. The essence of the motion is that the state court proceeding was a detailed one in which questions of breaches of fiduciary duty were litigated, specially submitted to and answered by the jury, and adjudged in the forum competent to decide the questions of breach of fiduciary duty. Plaintiff urges that the jury findings and the judgment parallel the standards used in determination of dischargeability under federal bankruptcy law and those results should now be used to find the judgment nondischargeable in bankruptcy.

### LEGAL STANDARDS

Summary judgment "shall be rendered" pursuant to Federal Rule of Civil Procedure 56(c), made applicable by Federal Rule of Bankruptcy Procedure 7056, "if the pleadings ... show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In addition, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962).

Section 523(a)(4) of the Bankruptcy Code governs exceptions to discharge and provides:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

The central issue to the resolution of this motion is whether this court is to take the state court jury findings and judgment as dispositive of the issue of nondischargeability under section 523(a)(4) of the Bankruptcy Code. The plaintiff filed the state court petition, the jury charge and its findings, the final judgment, and other documents such as the George Hermann will and two auditors' reports of the transactions. This court is compelled to refuse to find that the debt to the estate is not dischargeable based on the state court materials alone

under the federal standards imposed on the bankruptcy court.

The Supreme Court has spoken on the responsibility of the bankruptcy court in determining dischargeability of a debt when presented with a state court judgment and record:

> The bankruptcy court is not confined to a review of the judgment and record in the prior state-court proceedings when considering the dischargeability of respondent's debt. Adopting [that] rule would take section 17 issues out of bankruptcy courts well suited to adjudicate them, and force those issues onto state courts concerned with other matters, all for the sake of a repose the bankrupt has long since abandoned.

*Brown v. Felsen,* 442 U.S. 127, 138–39, 99 S.Ct. 2205, 2213, 60 L.Ed.2d 767 (1979).[1] A unanimous Court refused to apply res judicata in a case where the state court resolution was offered to resolve the dispute of dischargeability of a debt. To give finality to the state court judgment on issues that Congress delegated to the bankruptcy court "would undercut Congress' intention to commit section 17 issues to the jurisdiction of the federal bankruptcy court." *Brown v. Felsen,* 442 U.S. at 135, 99 S.Ct. at 2211. The federal bankruptcy court was designed to develop expertise in this area and Congress intended that the jurisdiction of these claims would be exclusive to the bankruptcy court. *See Brown v. Felsen,* 442 U.S. at 136, 99 S.Ct. at 2212. In addition, "Congress intended the fullest possible inquiry" into issues of dischargeability. *Brown v. Felsen,* 442 U.S. at 138, 99 S.Ct. at 2213.

█ Thus the bankruptcy court may still inquire as to the character and dischargeability of the debt, notwithstanding its consideration of the state court judgment. *Carey Lumber Co. v. Bell,* 615 F.2d 370 (5th Cir.1980); *In re Waters,* 20 B.R. 277 (Bankr.W.D.Tex.1982). The bankruptcy court should not cut off the inquiry into the activities that are the basis for the state court judgment and the complaint to determine dischargeability of debt, but should refuse to apply res judicata, in order to make an accurate determination on the facts as well as on the federal law. *See Brown v. Felsen,* 442 U.S. at 138, 99 S.Ct. at 2212–13.

█ The United States Supreme Court made a clear determination on res judicata issues, but the "narrower principle of collateral estoppel," or issue preclusion, was referred to only in a footnote. The Court advised: "If, in the course of adjudicating a state law question, a state court should determine factual issues using standards identical to those of section 17, then collateral estoppel, in the absence of countervailing statutory policy, would bar relitigation of those issues in the bankruptcy court." *Brown v. Felsen,* 442 U.S. at 139 n. 10, 99 S.Ct. at 2213 n. 10. The standards, however, in the state court would have to have been as strict as the standards that are to be applied under bankruptcy law. *Id.; Spilman v. Harley,* 656 F.2d 224, 227 (6th Cir.1981); *In re Richards,* 7 B.R. 711, 713 (Bankr.S.D.Fla.1980).

█ Exceptions to discharge are construed narrowly in light of the overriding purpose of the bankruptcy laws, which is the comprehensive relief from virtually all indebtedness. *In re Cross,* 666 F.2d 873, 879 (5th Cir.1982). The plaintiff has the burden to prove each element of nondischargeability under section 523(a)(4) by clear and convincing evidence. *In re Anderson,* 64 B.R. 331, 334 (Bankr.N.D.Ill. 1986); *In re Bosselait,* 63 B.R. 452, 457 (Bankr.E.D.Va.1986); *In re Bevilacqua,* 53 B.R. 331, 333 (Bankr.S.D.N.Y.1985). In the state court, however, the jury was instructed that the standard to apply was "preponderance of the evidence." Since the standards in the state and bankruptcy courts are different, collateral estoppel does not preclude additional litigation in the bankruptcy court.

---

**1.** The Supreme Court's rulings on Act section 17 are relevant and controlling under the Code. The language changed little between the Act section 17 and Code section 523. *Brown v. Felsen,* 442 U.S. at 129 n. 1, 99 S.Ct. at 2208 n. 1. *See, e.g., In re Hurbace,* 61 B.R. 563, 565 n. 1 (Bankr.W.D.Tex.1986); *In re Matheson,* 10 B.R. 652, 656 (Bankr.S.D.Ala.1981).

This court must treat as conclusive a state court judgment, once final, as to the facts recited therein. *In re Bosselait,* 63 B.R. 452, 456 (Bankr.E.D.Va.1986). A state court judgment may be considered "evidence" of nondischargeability. *Carey Lumber Co. v. Bell,* 615 F.2d 370, 378 (5th Cir.1980); *Franks v. Thomason,* 4 B.R. 814, 820 (N.D.Ga.1980). The judgment may establish a prima facie case of nondischargeability, but we are not bound by the determinations made therein as to 11 U.S.C. section 523. *See Spilman v. Harley,* 656 F.2d 224, 227 (6th Cir.1981); *In re Houtman,* 568 F.2d 651 (9th Cir.1978). The more prudent approach would be to consider both the judgment and other evidence and argument in a determination of nondischargeability. *See In re Harris,* 7 B.R. 284, 287 (S.D.Fla.1980).[2]

One bankruptcy court set out an analysis that is particularly relevant to this situation:

> Consistent with the rule that summary judgment is inappropriate where varying conclusions can be drawn from the same set of facts is the denial of summary judgment when a fuller development of the facts may serve to clarify the law or help the Court determine its application to the case. Wright, Miller and Kane, *Federal Practice and Procedure,* Civil 2d section 2725 (1983); *see Bingham, Ltd. v. United States,* 724 F.2d 921 (11th Cir.1984); *Davidson v. Stanadyne, Inc.,* 718 F.2d 1334 (5th Cir.1983). A fuller development of the facts is often called for in a dischargeability suit, because as is the situation in the present proceeding, it is not uncommon for a creditor to secure a judgment against a debtor in a pre-bankruptcy proceeding, and then, armed with the prior judgment, come into the bankruptcy court and seek a finding of nondischargeability based upon the prior proceeding. *See Matter of Shuler,* 722 F.2d 1253 (5th Cir.1984); *In re Halpern,* 50 B.R. 260 (Bankr.N.D. Ga.1985); *In re Marks,* 40 B.R. 614

(Bankr.D.S.C.1984); *In re Laudani,* 38 B.R. 632 (Bankr.S.D.Mich.1984); *In re Cooney,* 8 B.R. 96 (Bankr.W.D.Ky.1980). Further inquiry into the facts surrounding a debtor's obligation based upon a prior proceeding is a power clearly conferred upon the bankruptcy courts, because in the prior proceeding the liability of the debtor is the issue normally litigated, not its dischargeability under the Bankruptcy Code. *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 2211, 60 L.Ed.2d 767 (1979); *see In re Daley,* 776 F.2d 834 (9th Cir. (1985) *cert. denied* [476] U.S. [1159], 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986)....

> This Court is not confined to a prior judgment and it is not barred from making its own inquiry into the character and, ultimately, the dischargeability of the subject debt. *In re Myers,* 52 B.R. 901, 903–04 n. 1 (Bankr.E.D.Va.1985); *Matter of Halpern,* 50 B.R. 260, 262 (Bankr.N.D.Ga.1985); *Carey Lumber Co. v. Bell,* 615 F.2d 370, 377 (5th Cir. 1980). Moreover, with regard to issues of dischargeability under either section 523(a)(2), (4) or (6) of the Bankruptcy Code, the determination of "whether or not a debt is dischargeable is a legal conclusion based on facts of each case and the bankruptcy court has the *exclusive* jurisdiction to make that conclusion." (Emphasis in original.) *Spilman v. Harley,* 656 F.2d 224, 227 (6th Cir. 1981) *cited in Halpern,* 50 B.R. at 262.

*In re Bosselait,* 63 B.R. 452, 455–56 (Bankr.E.D.Va.1986).

By denying summary judgment, this court will be able to entertain further inquiry as to the facts and conclusions in this matter. This court will retain exclusive jurisdiction of these matters under 11 U.S.C. section 523 and will be able to more precisely apply the requirements of collateral estoppel without excluding further inquiry at this early stage in the proceeding.

---

**2.** Other courts have granted motions for summary judgment based on the state court judgment. *See, e.g., Carey Lumber Co. v. Bell,* 615 F.2d 370 (5th 1980); *In re Brown,* 66 B.R. 13 (Bankr.D. Utah 1986). Cir.1980); *In re Halpern,* 50 B.R. 260 (Bankr.N.D.Ga.1985). Each of those cases may be distinguished on its facts.

*See In re Harris,* 7 B.R. 284, 287 (S.D.Fla. 1980).

See also, Bkrtcy., 96 B.R. 81.

## CONCLUSION

In the determination of the pending motion, this court relies on the difference between the state and federal courts in the standards to be applied to the factual issues, as well as the principle that it would be inappropriate to foreclose further factual and legal inquiry into the dischargeability of the debt. Assertions made by the defendant that factual issues remain unresolved need not be reached. It would be imprudent to grant judgment as a summary matter in this proceeding for the reasons we have set out above.

Therefore, the plaintiff's motion for summary judgment is DENIED.