**In re Joe R. DENTON, Jr., Debtor.**

**MARINE MIDLAND AUTOMOTIVE FINANCIAL CORP., d/b/a Mazda American Credit, Plaintiff,**

v.

**Joe R. DENTON, Jr., Defendant.**

**Bankruptcy No. 89–00987–H3–7.
Adv. No. 89–0397–H3.**

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

July 20, 1990.

Phyllis G. Schrader, Liddell, Sapp, Zivley, Hill & LaBoon, Houston, Tex., for plaintiff.

Glenn R. LeMay, Pinson & Bussey, P.C., Houston, Tex., for defendant.

## MEMORANDUM OPINION

LETITIA Z. CLARK, Bankruptcy Judge.

Came on for trial July 16, 1990 plaintiff's Complaint to determine the dischargeability of a debt, and after considering the pleadings, evidence, memoranda and arguments of counsel, the court makes the following Findings of Fact and Conclusions of Law and enters a separate Judgment in conjunction herewith. To the extent any findings of fact herein are construed to be conclusions of law, they are hereby adopted as such. To the extent any conclusions of law herein are construed to be findings of fact, they are hereby adopted as such.

### Findings of Fact

Debtor, Joe R. Denton, Jr. filed personal bankruptcy under Chapter 11 on February 7, 1989. The case was subsequently converted to a Chapter 7 proceeding. This adversary was commenced by Marine Midland Automotive Financial Corp., d/b/a Mazda American Credit ("Marine Midland") to determine the dischargeability of a debt arising from a promissory note in the amount of $96,297.00 executed on September 8, 1988 by the Joe Denton Buick Company and made payable to plaintiff. Plaintiff sued to recover the principal sum plus actual attorneys' fees and costs of collection. (Pl.'s Complaint to Determine Dischargeability of Debt, Docket No. 1.)

The Joe Denton Buick Company was a car dealership in business for at least ten years preceding the events in question. This entity was a corporation and not a sole proprietorship. In the fall of 1988 when the events which lead to this adversary occurred, Ben Rice was the acting Chief Executive Officer of the Joe Denton Buick Company and was also its duly authorized agent. The Debtor was semi-retired. (Credible Trial Testimony of Sue Wright & Joe R. Denton, Jr.)

A financing arrangement existed between Marine Midland and the Joe Denton Buick Company whereby Marine Midland was to be the lender to individuals who purchased vehicles from the dealership and sought financing through the dealership. (Pltf.'s EX 12.) Pursuant to this agreement, the dealership would present sight drafts to Marine Midland on which Marine Midland would immediately release funds to the dealership. These were to be accompanied by, or shortly followed by, documentation reflecting the purchase of a vehicle on which Marine Midland was to have provided the consumer financing. In June of 1988, eight sight drafts totalling $96,297.00, all signed by Rice, the acting Chief Executive Officer, were drawn against Ma-

rine Midland in accordance with the financing arrangement. (Pltf.'s EXs 2–9.) The drafts were unsupported by the necessary documentation. Indeed, the evidence is that none of the documentation ever existed and further, that no such sales ever took place. (Pltf.'s EXs 2–9, 16, & 19; Credible Trial Testimony of Thomas D. Boesch, Sharon L. Gelford, and Pam Luszak.)

As a result of the lack of the underlying paperwork, and as a temporary measure, Marine Midland approached Joe R. Denton, Jr. who signed the promissory note as President of Joe Denton Buick Company. He testified this was to provide assurance to Marine Midland until the appropriate documentation for the sight drafts could be reconciled to the satisfaction of the parties. (Plft.'s EX 1.)

Although some of the eight names listed on the sight drafts were individuals who did at one time buy vehicles from the dealership, the testimony of two of those individuals reflects that they purchased their vehicles at a time earlier than the drafts in question. (Pltf.'s EXs 2–8; Trial Testimony of Mr. Thomas D. Boesch & Ms. Sharon L. Gelford.) Moreover, according to the testimony of Mr. Boesch & Ms. Gelford, neither financed their purchases through Marine Midland. (Trial Testimony of Thomas D. Boesch; Trial Testimony of Sharon Gelford; Pltf.'s EX 19; Pltf.'s EX 16.) Thus, at no point should a draft have been drawn upon Marine Midland by Ben Rice on behalf of the Joe Denton Buick Company for the vehicles purchased by these individuals.

This court finds that all eight of the drafts were fraudulently made and executed by Ben Rice with knowledge of same and with the intent to deceive Marine Midland. This court finds Denton to have been credible when he testified as to his lack of knowledge of these drafts. Further, this court finds that none of the money received from these drafts were placed in Denton's personal account nor were they designated for his benefit. (Trial Testimony of Joe R. Denton, Jr., uncontradicted by any documentary evidence or probative testimony.)

Plaintiff claims that recovery can be had against Debtor based upon a combination of agency and alter ego principles. According to the plaintiff, Ben Rice was the agent of the Debtor since he was the duly authorized agent of the company and since the Debtor and the Joe Denton Buick Company were alter egos. As Debtor's agent, plaintiff contends that Rice's fraud should be imputed to Debtor.

The court finds that Ben Rice was the duly authorized agent of the Joe Denton Buick Company but was not authorized to act as agent for Joe R. Denton, Jr. personally. Pursuant to credible testimony, this court finds that Joe R. Denton, Jr. is not the alter ego of the Joe Denton Buick Company. As previously stated, this company was a corporation which operated a car dealership for at least ten years preceding the events in question. Thomas Boesch testified he had dealt with the dealership for many years, and the day to day operations gradually had been turned over to Rice prior to the events in question. (Trial Testimony of Denton.) This testimony was corroborated by Trial Testimony of Pam Luszak and Jean Sumrald Walker.)

Since Joe R. Denton, Jr. and the corporation are not alter egos, the wrongful acts of Rice as agent for the corporation are not such as to result in the $96,297.00 being nondischargeable as to Joe R. Denton, Jr. personally pursuant to 11 U.S.C. § 523(a)(2)(A).

### Conclusions of Law

 Exceptions to dischargeability of debts under 11 U.S.C. § 523(a) are construed narrowly in favor of the debtor. The burden is on the creditor to prove all facts essential to sustain the objection and, in the case of alleged fraud, to do so by clear and convincing evidence. *Re Coffee*, 103 B.R. 825 (Bankr.S.D.Tex.1987); *Re Richey*, 103 B.R. 25 (Bankr.D.C.Conn.1989).

 There are basically four elements required for nondischargeability of a debt under 11 U.S.C. § 523(a)(2)(A): (1) that the defendant made a materially false representation; (2) that the representation was made with intent to defraud; (3) that the

plaintiff relied on the false representation, and (4) that plaintiff sustained a loss as a result of the reliance. *Matter of Church*, 69 B.R. 425, 432 (Bankr.N.D.Tex.1987); *Re Imbody*, 104 B.R. 830 (Bankr.N.D.Ohio 1989). Although this court finds that fraud was committed, it was not perpetrated by Debtor but instead by Ben Rice. Moreover, since this court has determined that Ben Rice is not the agent of Joe R. Denton, Jr. personally, the fraud perpetrated by Ben Rice can not be imputed to Debtor.

 In order for plaintiffs to prevail, they needed to prove that Joe R. Denton, Jr. and his company were alter egos with the consequent result that Ben Rice as agent of the company would also be considered the agent of Debtor. Further, in order to pierce the corporate veil under a theory of alter ego, there are a number of factors which the court must consider: the capitalization structure; the domination of the owner; and whether the corporation is but a mere conduit for the personal business of the owner. *U.S. v. Jon–T Chemicals, Inc.*, 768 F.2d 686, 692, 693 (5th Cir. 1985), *cert. denied*, 475 U.S. 1014, 106 S.Ct. 1194, 89 L.Ed.2d 309; *Gibraltar Savings v. L.D. Brinkman Corp.*, 860 F.2d 1275 (5th Cir.1988), *cert. denied*, 490 U.S. 1091, 109 S.Ct. 2432, 104 L.Ed.2d 988. The evidence presented by plaintiff did not address all of these elements, and did not demonstrate that Debtor and the company were alter egos.

Based upon the foregoing Findings of Fact and Conclusions of Law, the court grants judgment for defendant and enters a separate Judgment in connection herewith.

### JUDGMENT

Based upon this court's Findings of Fact and Conclusions of Law entered this same date, it is

ORDERED that there be judgment in favor of defendant, denying plaintiff's claims.